# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID LAWRENCE GUILLEN,

    Plaintiff,

  v.                                        No. CIV 12-1168 LH/CEG

STATE OF NEW MEXICO CORRECTIONS DEPARTMENT
C/O SECRETARY OF CORRECTIONS
JOE R. WILLIAMS & GREGG MARCANTEL, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff's response (Doc. 9) to a prior order. The order required Plaintiff to show cause why his Civil Rights Complaint should not be dismissed as untimely. Also before the Court is Plaintiff's motion to excuse filing fee payments (Doc. 10). On consideration of Plaintiff's filings, the Court will dismiss the complaint.

As noted in the earlier order to show cause, Plaintiff alleges that in 2007 he was kept incarcerated for a week beyond his release date. In his response, he makes two basic allegations to explain why he did not file his complaint until 2012. First, when he was released in 2007, he was unable to retain an attorney to pursue his claim. And second, when he was reincarcerated in 2008, he was denied access to legal assistance.

Neither of these factual allegations excuses Plaintiff's five-year delay in filing his complaint. As the United States Court of Appeals for the Tenth Circuit has noted, "[I]n a § 1983 suit, state tolling rules, not federal ones, apply." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (citation omitted). In the context of this case, equitable tolling would be available if circumstances beyond Plaintiff's control had prevented him from filing his claim earlier. *See id.*; *Ocana v.*

*American Furniture Co.*, 91 P.3d 58, 66 (2004).[1]  His alleged inability to retain counsel may have been beyond his control, but it did not prevent him from filing a complaint pro se, as he has now done.  Nor does lack of access to legal assistance excuse untimely filing.  *See Roberts v. Barreras*, 484 F.3d at 1242.  The running of the limitations period applicable to Plaintiff's claims was not tolled, and the Court will dismiss the complaint as untimely filed.

Plaintiff's motion to excuse payments will be denied.  The in forma pauperis statute requires him to pay the entire filing fee in installments.  *See* 28 U.S.C. § 1915(b)(1), (2).

IT IS THEREFORE ORDERED that Plaintiff's motion to excuse filing fee payments (Doc. 10) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice as barred by the statute of limitations, and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Alternatively, statutory tolling is available to extend the limitations period where a prisoner attempts to exhaust mandatory administrative remedies.  *See Roberts v. Barreras*, 484 F.3d at 1242; N.M. Stat. Ann. § 37-1-12 (1978).  Because Plaintiff was released within a week after his claim arose, administrative remedies presumably were not available.  In his complaint, Plaintiff states that he did not exhaust administrative remedies.